UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JULIE SPOONER ESTATE,

                Plaintiff,

-against-

DISTRICT OF COLUMBIA, *et al.*,

                Defendants.

20-CV-7516 (CM)

ORDER DIRECTING PAYMENT OF FEES
OR IFP APPLICATION

COLLEEN McMAHON, Chief United States District Judge:

      Plaintiff, appearing *pro se*, seeks to bring this matter under the Court's miscellaneous docket. Plaintiff, who is listed as "Julie Spooner Estate, The United States, Principal Creditor/Government," submitted an "Extraordinary Writ of Execution" and a "Miscellaneous Case Cover Sheet" naming as defendants District of Columbia; Equifax; Deutsche Bank National Trust Company; the Judicial Title Insurance Agency, Limited Liability Corporation; BHNWN Brooklyn, Limited Liability Corporation; City of New York Corporation Counsel; County of Kings Recorder; Sheriff of Kings County; and "all others in possession." Because the nature of Plaintiff's submission does not fit any of the listed categories of miscellaneous matters, this case cannot proceed under the miscellaneous docket. The Court therefore construes this matter as a civil rights action.

      To proceed with a civil action in this Court, a plaintiff must either pay $400.00 in fees – a $350.00 filing fee plus a $50.00 administrative fee – or, to request authorization to proceed in forma pauperis ("IFP"), that is, without prepayment of fees, submit a signed IFP application. *See* 28 U.S.C. §§ 1914, 1915.

      Plaintiff submitted the complaint without the filing fees or an IFP application. Within thirty days of the date of this order, Plaintiff must either pay the $400.00 in fees or submit the

attached IFP application. If Plaintiff submits the IFP application, it should be labeled with docket number 20-CV-7516 (CM). If the Court grants the IFP application, Plaintiff will be permitted to proceed without prepayment of fees. *See* 28 U.S.C. § 1915(a)(1).

    The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. No summons shall issue at this time. If Plaintiff complies with this order, the case shall be processed in accordance with the procedures of the Clerk's Office. If Plaintiff fails to comply with this order within the time allowed, the action will be dismissed.

    The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

SO ORDERED.

Dated:  October 2, 2020
         New York, New York

                                             COLLEEN McMAHON
                                       Chief United States District Judge